UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD ALICEA, *on behalf of himself and others similarly situated*,<br><br>*Plaintiff*,<br><br>-against-<br><br>LYNN GROUP, INC. and TACONIC BUILDERS, INC.,<br><br>*Defendants*. | **RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Richard Alicea ("Alicea" or "Plaintiff"), on behalf of himself and others similarly situated, brings this action for damages and other legal and equitable relief against defendants Lynn Group, Inc. ("Lynn Group") and Taconic Builders, Inc. ("Taconic Builders" and together with Lynn Group, the "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff and the proposed class were employed as laborers, carpenters, and with other titles yet to be determined, working at Defendants' residential construction and renovation sites in New York State performing almost entirely physical labor, and being paid bi-weekly.

2. Plaintiff and other Manual Workers need to be paid weekly to keep up with day to day expenses such as housing and transportation costs, groceries, utilities, and other regular bills, and in order to obtain the full value of their earned wages as due. Defendants violated New York State Labor Law ("NYLL") by not paying their Manual Workers on a timely and weekly basis as required.

3. Plaintiff alleges that he and the proposed class performed almost entirely physical tasks for Defendants and therefore qualified as Manual Workers under NYLL § 191, but were

paid bi-weekly on an untimely basis, instead of weekly, as required under NYLL. Plaintiff is entitled to recover from Defendants: (1) liquidated damages for untimely wage payments; (2) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; and (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## PARTIES

4. Plaintiff Richard Alicea is an adult, over eighteen years old, and citizen of New York State residing in Bronx County.

5. Plaintiff and similarly situated workers were throughout their entire employment with Defendants, covered, non-exempt employees within the meaning of the NYLL.

6. Plaintiff was employed in the State of New York, wrongfully deprived of timely pay in violation of the NYLL.  He was also deprived of compliant and accurate annual wage notices and compliant and accurate periodic wage statements in violation of the NYLL.

7. Defendants provide laborers, carpenters, and other workers to build and renovate luxury residences such as townhouses, apartments, and other high-end personal residences in New York State, including the townhouse and apartment worksites where Plaintiff worked for Defendants in Manhattan, Brooklyn, and Queens.

8. Defendant Lynn Group, Inc. is a foreign business corporation formed under the laws of the State of Connecticut with its headquarters located at 115 Technology Drive, A301, Trumbull, CT, 06611.  Lynn Group, Inc. is the employer entity on Plaintiff's most recent pay stubs from May 2024 with an address of 2389 Main Street Glastonbury, CT 06033. Upon information and belief, Lynn Group, Inc. provides laborers, carpenters, and supervisors to Defendant Taconic Builders, which acts as a general contractor.

9. Defendant Taconic Builders, Inc. is a foreign business corporation formed under the law of the State of Connecticut. Upon information and belief, Taconic Builders has its headquarters located at 125 Spencer Place, Mamaroneck, NY 10543. Upon information and belief, Taconic Builders may be the client-facing entity and acts as a parent company to Lynn Group, Inc.

10. Defendants are considered a large employer, having at least 11 or more employees during the duration of Plaintiffs' employment.

11. Defendants each maintained control, oversight, and direction over Plaintiff in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

12. Defendants, by virtue of ownership, management, and control over the wages and work of Plaintiff, are each considered an employer under the FLSA and NYLL.

13. Defendants jointly own and operate a luxury residential construction and renovation business that conducts business and employs workers in New York State, as they share common management, ownership and control.

14. Defendants trade on one another's reputation and credit as if they were one.

15. Defendants maintained control, oversight, and direction over Plaintiff in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

## JURISDICTION AND VENUE

16. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of

interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendants.

17. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because substantial conduct giving rise to the claim took place in this district and Plaintiff resides in this District.

## STATEMENT OF FACTS

18. Plaintiff alleges the below facts according to his best recollection and based on limited evidence he has retained from his employment. Plaintiff reserves the right to provide a more precise statement of wage and hour information after obtaining the relevant records through discovery in this action, including the records required by 12 NYCRR § 146-2.1.

19. Upon information and belief, Plaintiff's alleged facts are consistent among members of the proposed class.

20. Plaintiff Richard Alicea began working for Defendants in or around June 2019 as laborer for the first three years of his employment, before being promoted to and working as a carpenter until the end of his employment in or around June 2024.

21. Plaintiff began working as a laborer, being paid $22 per hour working on townhouse construction projects.

22. As a laborer, Plaintiff's job duties included doing deliveries and transporting materials such as masonite, lumber, assisting carpenters in their tasks and performing clean up tasks.

23. Approximately one year into his employment, Defendants moved Plaintiff to their "services" department, where he still worked as a laborer, but worked on renovation and maintenance projects for existing structures rather than helping to build brand new residences. Plaintiff's job functions were substantially similar to performing laborer

work on brand new projects, with the main differences being that they had to transport and deploy protective plastic, mats, and other materials so as to not damage the finished residences they were helping to renovate and repair.

24. Approximately three years into his employment, Plaintiff was promoted to carpenter. As a carpenter, Plaintiff did framing work, installed cabinetry and flooring, and kitchen backsplashes as well as performed demolition work.

25. For the last year and a half to two years, Plaintiff worked for Defendants on two different townhouse job sites in Manhattan's Upper East Side neighborhood which were one block away from each other around 69th or 70th Street.

26. Prior to working on those two Upper East Side projects, Plaintiff worked at an apartment work site located at 250 West Street on Manhattan's West Side overlooking Pier 26.

27. By the end of Plaintiff's employment, he was being paid $25 per hour.

28. At all times during Plaintiff's employment, he was paid on a bi-weekly basis.

29. Based on Plaintiff's observations, on a typical work site, Defendants would employ approximately 8 people, with 2 supervisors, approximately 2 carpenters and around 6 laborers.

30. Plaintiff estimates that he observed a labor pool of at least 20-30 workers with whom he worked alongside in Manhattan, Queens, and Brooklyn.

31. Based on Plaintiff's understanding, Defendants had additional building projects and worksites in Westchester County, other areas North of New York City, as well as sites in Nassau and Suffolk County which employed additional workers beyond the 20-30 workers with whom he was familiar.

32. Plaintiff worked full time for Defendants, working at least 40 hours per week, being paid $22-25 per hour, paid on a bi-weekly basis at all times.

33. Plaintiff was non-exempt in that he performed manual labor tasks.

34. His primary tasks included: delivering and transporting supplies, taking away trash and helping to clean up worksites, carpentry framing, installing cabinets, and other fixtures, and performing demolition work.

35. Despite performing almost entirely physical tasks and qualifying as a Manual Worker, under NYLL § 191, Defendants paid Plaintiff Alicea on a bi-weekly basis.

36. Plaintiff and similarly situated workers were not provided a means of clocking in and out.  Defendants' supervisors were responsible for noting their workers arrival and departure times.  Plaintiff would provide the hours and worksites to Defendants supervisors at the end of the week.

37. On at least two occasions during Plaintiff's employment, his hours were short by between 30 - 60 mins due to Defendants' timekeeping policies and the supervisors reporting incorrect times

38. On these two occasions, Plaintiff raised the discrepancy to Defendants and had to wait additional weeks to be repaid for these missing hours.

39. At all times, Defendants paid Plaintiff and the proposed class on a bi-weekly basis.

40. Plaintiff's job duties, and those of the proposed class, consisted of entirely physical tasks, performing physical tasks well over 25% of the time, qualifying them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

41. Because of Defendants' improper compensation policies, Plaintiff was deprived of timely and weekly pay, in direct violation of the NYLL.

42. Because of Defendants' improper compensation policies, Plaintiff was deprived of pay, in direct violation of the NYLL.

43. This pattern of conduct was continuous throughout Plaintiff's employment.

44. Defendants' unlawful conduct has been widespread, repeated, and consistent.

45. Plaintiff and the proposed class suffered actual and acute injuries as a result of Defendants' failure to pay weekly wages as required under the NYLL. The timely payment of earned wages were and are crucial to Plaintiff's and the proposed class's ability to pay day to day and monthly expenses, especially due to the New York area's high cost of living. Defendants' conduct in paying Plaintiff's wages late throughout their employment resulted in them having to pay bills late on more than one occasion.

46. Defendants' late wage payments also deprived Plaintiff and the proposed class of the time value of their earned money, resulting in tangible financial loss calculated as interest and in other amounts; and loss in the form of the negative impact on their ability to save, invest, and plan for the future. The Defendants reaped large profits as a direct result of its Manual Workers' labor, while unlawfully withholding from and paying late its employees who are least able to weather these unjust delays.

## RULE 23 CLASS ACTION ALLEGATIONS

47. The Proposed Class is defined as:

> All non-exempt hourly employees working for Defendants in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

48. Plaintiff hereby states that the Class Period shall to the extent permitted by law be expanded to account for all claims made timely by virtue of Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and all subsequent and similar order, including but not limited to, Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

49. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and

the Court.

50. Upon information and belief, there are more than 100 class members and the Plaintiff's claims are typical of those other members, in that any one would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

51. Plaintiff and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct.

52. Defendants' corporate-wide policies and practices affected everyone who worked at Defendants' job sites in the same way.

53. Defendants had a company-wide policy of paying its New York State non-exempt workers performing manual tasks on a bi-weekly basis.

54. Plaintiff is able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

55. Plaintiff is represented by attorneys who are experienced and competent to bring this action.

56. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

57. Common questions of law and fact exist as to the Proposed Class that predominate over

any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

1. What job duties are performed by employees?

2. What is the frequency of pay for the employee?

3. Does the employee spend at least 25% of the time at work engaged in physical labor?

4. What were the characteristics of the annual wage notices and periodic wage statements provided to the employee?

## STATEMENT OF CLAIMS

### COUNT I: Late Wage Payments Under the NYLL

### Brought on Behalf of Plaintiff and the Rule 23 Class

58. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein

59. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff.

60. Defendants failed to pay Plaintiff and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

61. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955).

62. All of Defendants' non-exempt workers are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

63. As such, the failure to provide wages owed to Plaintiff and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021

WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Associates. Contr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

64. Defendants' conduct also constitutes an "injury in fact" suffered by Plaintiff and the New York Class under Article III that is within the federal judicial power because Plaintiff and the New York Class have "suffered an injury in fact that is concrete, particularized, and actual or imminent." *See Caul v. Petco* (infra).

65. Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants compensatory damages in an amount to be determined in this action, plus the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

### COUNT II: Failure to Provide Compliant Wage Notice Under NYLL
### Brought on Behalf of Plaintiff and the Rule 23 Class

66. Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

67. Defendants have willfully failed to supply Plaintiff with annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; *the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191*; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the

telephone number of the employer; plus such other information as the commissioner deems material and necessary. (emphasis added)

68. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### COUNT III: Failure to Complaint Wage Statements Under NYLL 193(3)
### Brought on Behalf of Plaintiff and the Rule 23 Class

69. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

70. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

71. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, demand judgment against Defendants as follows:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this action, to the Rule 23 Class;

b. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Designation of Plaintiff Alicea as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

d. An award for late wages under the NYLL, plus prejudgment interest;

e. liquidated damages for late wages;

f. an award of statutory penalties pursuant to NYLL 198,

g. attorneys' fees and costs; and

h. granting such other and further relief as this Court deems necessary and proper.

Dated:  New York, NY
        August 1, 2024

*Respectfully Submitted,*

Mohammed Gangat, Esq.
LAW OFFICE OF MOHAMMED GANGAT
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com
*Attorneys for Plaintiff*